## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| George J. Herout | | CHAPTER 13 |
| Latisha N. Herout | | |
| | Debtors | |
| | | |
| MIDFIRST BANK | | NO. 14-16252 JKF |
| | Movant | |
| vs. | | |
| | | |
| George J. Herout | | |
| Latisha N. Herout | | 11 U.S.C. Section 362 |
| | Debtors | |
| | | |
| William C. Miller Esq. | | |
| | Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.      The post-petition arrearage on the mortgage held by the Movant on Debtors' residence is **$3,706.00,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | April 2016 through July 2016  at $ 890.87 each |
| Late Charges: | April 2016 through July 2016  at $35.63 each |
| **Total Post-Petition Arrears** | **$3,706.00** |

2.      Debtors shall cure said arrearages in the following manner;

a). Within seven (7) days of the filing of this Stipulation, Debtors shall tender a down payment of **$890.87.**

b). Beginning   August 2016 and continuing through January 2017 , until the arrearages are cured, Debtors shall pay the present regular monthly payment of **$890.87** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus five (5) installment payments **of $469.18** and one (1) installment payment of **$469.23** towards the arrearages on or before the last day of each month at the address below;

MidFirst Bank
999 Northwest Grand Boulevard
Oklahoma City, OK 73118

c).      Maintenance of current monthly mortgage payments to the Movant thereafter.

3.      Should debtors provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4.      In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtors and Debtor's attorney of the default in writing and Debtors may cure said default within FIFTEEN (15) days of the date of said notice.  If Debtors should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5.      The stay provided by Bankruptcy Rule 4001(a)(3) is waived .

6.      If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7.      If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8.      The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9.      The parties agree that a facsimile signature shall be considered an original signature.

Date:    July 16, 2016               By:    /s/ Joshua I. Goldman, Esquire
                                            Joshua I. Goldman, Esquire
                                            Attorney for Movant
                                            KML Law Group, P.C.
                                            Main Number: (215) 627-1322

Date:_____7/19/16_____                _____
                                            Christian A. DiCicco
                                            Attorney for Debtors

Approved by the Court this _____ day of _____, 2016.  However, the court retains discretion regarding entry of any further order.

                                            _____
                                            Bankruptcy Judge
                                            Jean K. Fitzsimon