United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                 Case No. 14-16252-jkf
Latisha N. Herout                                                      Chapter 13
George J. Herout
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0313-2        User: DonnaR        Page 1 of 1        Date Rcvd: Aug 02, 2016
                            Form ID: pdf900     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 04, 2016.
db/jdb         +Latisha N. Herout,   George J. Herout,   236 Sherbrook Blvd.,   Upper Darby, PA 19082-4607

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                               TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                               TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 04, 2016                                    Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 2, 2016 at the address(es) listed below:
              ANDREW F GORNALL    on behalf of Creditor    MIDFIRST BANK agornall@kmllawgroup.com, bkgroup@kmllawgroup.com
              CHRISTIAN A. DICICCO    on behalf of Debtor Latisha N. Herout cdicicco@myphillybankruptcylawyer.com, christianadicicco@gmail.com
              CHRISTIAN A. DICICCO    on behalf of Joint Debtor George J. Herout cdicicco@myphillybankruptcylawyer.com, christianadicicco@gmail.com
              JOSHUA ISAAC GOLDMAN    on behalf of Creditor    MIDFIRST BANK bkgroup@kmllawgroup.com, bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER    ecfemails@ph13trustee.com,   philaecf@gmail.com
              WILLIAM C. MILLER    on behalf of Trustee WILLIAM C. MILLER ecfemails@ph13trustee.com, philaecf@gmail.com
                                                                                                    TOTAL: 7

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| George J. Herout<br>Latisha N. Herout<br>　　　　　Debtors | CHAPTER 13 |
| MIDFIRST BANK<br>　　　　　Movant<br>vs. | NO. 14-16252 JKF |
| George J. Herout<br>Latisha N. Herout<br>　　　　　Debtors | 11 U.S.C. Section 362 |
| William C. Miller Esq.<br>　　　　　Trustee | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.   The post-petition arrearage on the mortgage held by the Movant on Debtors' residence is **$3,706.00**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | April 2016 through July 2016 at $ 890.87 each |
| Late Charges: | April 2016 through July 2016 at $35.63 each |
| **Total Post-Petition Arrears** | **$3,706.00** |

2.   Debtors shall cure said arrearages in the following manner;

a). Within seven (7) days of the filing of this Stipulation, Debtors shall tender a down payment of **$890.87.**

b). Beginning August 2016 and continuing through January 2017, until the arrearages are cured, Debtors shall pay the present regular monthly payment of **$890.87** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus five (5) installment payments of **$469.18** and one (1) installment payment of **$469.23** towards the arrearages on or before the last day of each month at the address below;

MidFirst Bank
999 Northwest Grand Boulevard
Oklahoma City, OK 73118

c). Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtors provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtors and Debtor's attorney of the default in writing and Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtors should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   July 16, 2016        By:   /s/ Joshua I. Goldman, Esquire
                                    Joshua I. Goldman, Esquire
                                    Attorney for Movant
                                    KML Law Group, P.C.
                                    Main Number: (215) 627-1322

Date: 7/19/16

Christian A. DiCicco
Attorney for Debtors

Approved by the Court this ___ day of _____, 2016. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Jean K. Fitzsimon