United States Bankruptcy Court
Eastern District of Pennsylvania

```
In re:                                                          Case No. 14-16252-amc
Latisha N. Herout                                               Chapter 13
George J. Herout
        Debtors
```

# CERTIFICATE OF NOTICE

```
District/off: 0313-2          User: admin              Page 1 of 2           Date Rcvd: Dec 06, 2019
                              Form ID: 3180W           Total Noticed: 17
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 08, 2019.
```
db/jdb         +Latisha N. Herout,    George J. Herout,    236 Sherbrook Blvd.,    Upper Darby, PA 19082-4607
13360990       +Midland Mortgage Company/Mid First Bank,    ATTENTION: BANKRUPTCY,    PO BOX 26648,
                 OKLAHOMA CITY, OK 73126-0648
13388781       +TD BANK USA, N.A.,    C O WEINSTEIN, PINSON, AND RILEY, PS,    2001 WESTERN AVENUE, STE 400,
                 SEATTLE, WA 98121-3132
13446852        U.S. Department of Education,    c/o FedLoan Servicing,    P.O. Box 69184,
                 Harrisburg, PA 17106-9184
13443192       +Upper Darby Township,    c/o James D. Smith, Finance Director,    100 Garrett Road,
                 Upper Darby, PA 19082-3135
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: megan.harper@phila.gov Dec 07 2019 03:10:10      City of Philadelphia,
                 City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                 Philadelphia, PA  19102-1595
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Dec 07 2019 03:09:15
                 Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                 Harrisburg, PA  17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Dec 07 2019 03:09:57      U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
13413209        EDI: BL-BECKET.COM Dec 07 2019 07:43:00      Capital One, N.A.,    c o Becket and Lee LLP,
                 POB 3001,    Malvern, PA 19355-0701
13584281       +E-mail/Text: cdicicco@myphillybankruptcylawyer.com Dec 07 2019 03:08:42
                 Christian A. DiCicco, Esq.,    Law Offices of Christian A. DiCicco,    2008 Chestnut Street,
                 Philadelphia, PA 19103-4535
13379912       +EDI: TSYS2.COM Dec 07 2019 07:43:00      Department Stores National Bank/Macys,
                 Bankruptcy Processing,    Po Box 8053,    Mason, OH 45040-8053
13610645        EDI: ECMC.COM Dec 07 2019 07:43:00      ECMC,    PO Box 16408,    St. Paul, MN 55116-0408
13360987        EDI: IRS.COM Dec 07 2019 07:43:00      Internal Revenue Service,    P.O. Box 7346,
                 Philadelphia, PA 19101-7346
13447116        EDI: PRA.COM Dec 07 2019 07:43:00      Portfolio Recovery Associates, LLC,    POB 41067,
                 Norfolk VA 23541
13394450        E-mail/Text: bankruptcynotices@psecu.com Dec 07 2019 03:10:31      PSECU,    PO Box 67013,
                 Harrisburg, PA 17106-7013
13405370        EDI: Q3G.COM Dec 07 2019 07:43:00      Quantum3 Group LLC as agent for,    Comenity Bank,
                 PO Box 788,    Kirkland, WA  98083-0788
13374919        EDI: WFFC.COM Dec 07 2019 07:43:00      Wells Fargo Bank, N.A.,    P.O. Box 19657,
                 Irvine, CA 92623-9657
                                                                                              TOTAL: 12

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
13929617*     ++PORTFOLIO RECOVERY ASSOCIATES LLC,    PO BOX 41067,    NORFOLK VA 23541-1067
               (address filed with court:   Portfolio Recovery Associates, LLC,    PO Box 41067,
                 Norfolk, VA 23541)
                                                                                   TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 08, 2019                                  Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
District/off: 0313-2          User: admin              Page 2 of 2              Date Rcvd: Dec 06, 2019
                              Form ID: 3180W           Total Noticed: 17
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 5, 2019 at the address(es) listed below:
          ANDREW F GORNALL    on behalf of Creditor    MIDFIRST BANK agornall@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          CHRISTIAN A. DICICCO    on behalf of Debtor Latisha N. Herout
           cdicicco@myphillybankruptcylawyer.com, christianadicicco@gmail.com;r57075@notify.bestcase.com
          CHRISTIAN A. DICICCO    on behalf of Joint Debtor George J. Herout
           cdicicco@myphillybankruptcylawyer.com, christianadicicco@gmail.com;r57075@notify.bestcase.com
          JOSHUA ISAAC GOLDMAN    on behalf of Creditor    MIDFIRST BANK bkgroup@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          REBECCA ANN SOLARZ    on behalf of Creditor    MIDFIRST BANK bkgroup@kmllawgroup.com
          THOMAS I. PULEO    on behalf of Creditor    MIDFIRST BANK tpuleo@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
          WILLIAM C. MILLER    on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com,
           philaecf@gmail.com
          WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com, philaecf@gmail.com
                                                                                         TOTAL: 9

| **Information to identify the case:** | | |
|---|---|---|
| Debtor 1 | **Latisha N. Herout** | Social Security number or ITIN  **xxx–xx–4237** |
| | First Name   Middle Name   Last Name | EIN  _ _ – _ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | **George J. Herout** | Social Security number or ITIN  **xxx–xx–6564** |
| | First Name   Middle Name   Last Name | EIN  _ _ – _ _ _ _ _ _ _ |
| United States Bankruptcy Court  **Eastern District of Pennsylvania** | | |
| Case number:  **14–16252–amc** | | |

# Order of Discharge                                                                                                       12/18

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Latisha N. Herout                                                George J. Herout

12/5/19                                                                **By the court:**     <u>Ashely M. Chan</u>
                                                                                                  United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

 ♦ debts that are domestic support obligations;

 ♦ debts for most student loans;

 ♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**